**Electronically Filed on June 6, 2006**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**Bid Protest**

| | |
|---|---|
| SCOTT TECHNOLOGIES, INC., d/b/a SCOTT HEALTH & SAFETY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | Civil Action No. 06-443<br>(Judge Firestone) |

**UNOPPOSED MOTION BY MINE SAFETY APPLIANCES COMPANY TO INTERVENE AS DEFENDANT AND MOTION FOR LEAVE TO FILE ANSWER OR OTHERWISE RESPOND TO COMPLAINT ON SAME DATE AS DEFENDANT UNITED STATES**

Pursuant to Rule 24 of the Rules of the United States Court of Federal Claims, Mine Safety Appliances Company ("MSA") seeks permission to intervene as a party defendant in this action, and for an order setting the deadline for MSA's response to the Complaint on the same date that the Government's response is due. Neither the United States nor plaintiff opposes this motion.

This is a bid protest challenging a contract award by the United States Air Force. Because MSA is the contract awardee, it has a direct interest in the outcome of this case. This Court routinely allows contract awardees to intervene as party-defendants in bid protests. *JWK International Corp. v. United States*, 49 Fed. Cl. 371, 385 (2001), *aff'd*, 279 F.3d 983 (Fed. Cir. 2001); *Dubinsky v. United States*, 43

Fed. Cl. 243, 252 (1999); *Candle Corp. v. United States*, 40 Fed. Cl. 658, 662 (1998); *GraphicData, LLC v. United States*, 37 Fed. Cl. 771, 777 (1997).

MSA has a right to intervene under Rule 24(a), which states that a person may intervene as a matter of right when:

> the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

RCFC 24(a). As the awardee, MSA has important interests at stake in this case, and its disposition clearly could impair those interests. The protester, Scott Health & Safety ("Scott"), seeks to overturn the award to MSA. MSA has an interest in preserving its right to perform the contract and earn benefits accruing from that performance.

MSA's interests are not adequately represented by the Government. The Government's interest in defending bid protests typically includes preserving the discretion of agency officials and enabling itself to proceed with procurements without undue delay. MSA's interest is to preserve its ability to perform.

Alternatively, MSA moves for permissive intervention under Rule 24(b)(2), as (1) MSA's motion was timely filed one business day after the Complaint was filed; (2) MSA's "claim or defense and the main action have a question of law or fact in common;" and (3) MSA's intervention will not unduly delay or prejudice the adjudication of the action. RCFC 24(b)(2).

MSA also respectfully request that the Court allow it to answer or otherwise respond to the Complaint no later than the deadline for the Government's response. Rule 24(c) requires that a person desiring to intervene shall accompany its motion to intervene with a pleading setting forth the claim or defense for which intervention is sought. However, this motion is being submitted one business day after the Complaint was submitted for filing, so MSA has not had time yet to develop information to prepare an Answer.

WHEREFORE, MSA moves that it be permitted to intervene as a party-defendant in this action and that MSA's deadline for responding to the Complaint be extended to the date that the Government's response is due.

Respectfully submitted,

s/ Thomas P. Humphrey, Esq.
Counsel of Record
Elizabeth W. Newsom, Esq.
Amy E. Laderberg, Esq.
CROWELL & MORING, LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Tel. (202) 624-2500
Fax (202) 628-5116

Counsel for Mine Safety Appliances Company

Dated: June 6, 2006

2745

**CERTIFICATE OF FILING**

I hereby certify that on the 6th day of June, 2006, a copy of the foregoing Unopposed Motion by Mine Safety Appliances Company to Intervene as Defendant and Motion for Leave to File Answer or Otherwise Respond to Complaint on Same Date as Defendant United States was filed electronically. I understand that notice of this filing will available to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Courtesy service by facsimile and U.S. mail was provided at the following addresses:

Rand L. Allen, Esq.
Daniel P. Graham, Esq.
Wiley, Rein & Fielding LLP
1776 K Street., N.W.
Washington, D.C. 20006
(202) 719-7049 (fax)

David R. Hazelton, Esq.
Latham & Watkins
555 11th Street NW
Suite 1000
Washington, DC 20004
(202) 537-2201 (fax)

s/ Thomas P. Humphrey, Esq.