**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**(BID PROTEST)**

| | |
|---|---|
| SCOTT TECHNOLOGIES, INC., d/b/a SCOTT HEALTH & SAFETY<br>*Plaintiff,*<br>v.<br>UNITED STATES,<br>*Defendant,*<br>and<br>MINE SAFETY APPLIANCES CO.<br>*Intervenor.* | **No. 06-443**<br>**Judge N. Firestone** |
| INTERSPIRO, INC.<br>*Plaintiff,*<br>v.<br>UNITED STATES,<br>*Defendant,*<br>and<br>MINE SAFETY APPLIANCES CO.<br>*Intervenor.* | **No. 06-425**<br>**Judge N. Firestone** |

**UNOPPOSED MOTION FOR PROTECTIVE ORDER**

Pursuant to Section VI of Appendix C of the Rules of the United States Court of Federal Claims and the agreement of the parties, Scott Technologies, Inc., doing business as Scott

Health & Safety ("Scott"), hereby moves for issuance of a Protective Order in the above-captioned cases, which are directly related. A proposed Protective Order is attached. Counsel for Defendant and Intervenor in both cases and Counsel for Interspiro, Inc., Plaintiff in No. 06-425, have authorized the undersigned to submit this unopposed motion.

Counsel for MSA agrees that this proposed Protective Order and the Declaration of Bruce Ramo attached to this motion adequately address the concerns raised in its objection to the proposed protective order filed in No. 06-425.

Respectfully submitted,

for Rand L. Allen
WILEY REIN & FIELDING LLP
1776 K Street, N.W.
Washington, DC 20006
(202) 719-3193 (O)
(202) 719-7049 (F)

June 6, 2006

*Counsel for Plaintiff*

Of counsel:
John A. McCullough
Daniel P. Graham
William J. Grimaldi
WILEY REIN & FIELDING LLP

Bruce S. Ramo
TYCO INTERNATIONAL, LTD.
9 Roszel Road
Princeton NJ 08540
(609) 720-4306 (O)
(609) 720-4335 (F)

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**(BID PROTEST)**

SCOTT TECHNOLOGIES, INC., d/b/a
SCOTT HEALTH & SAFETY

*Plaintiff,*

v.

UNITED STATES,

*Defendant,*

and

MINE SAFETY APPLIANCES CO.

*Intervenor.*

**No. 06-443**

**Judge N. Firestone**

INTERSPIRO, INC.
*Plaintiff,*

v.

UNITED STATES,

*Defendant,*

and

MINE SAFETY APPLIANCES CO.

*Intervenor.*

**No. 06-425**

**Judge N. Firestone**

**<u>PROTECTIVE ORDER</u>**

The Court has determined that certain information that may necessarily be disclosed orally or in writing during this action may be competition sensitive (*e.g.*, source selection

information), proprietary, confidential, or otherwise protectable. To address these concerns, it is ordered that protected information, provided formally or informally during the course of this action, shall be disclosed by the parties only as follows:

1. "Protected information" as used herein means:

   a. Information, the protection of which is necessary to safeguard the competition process, including source selection information, and proprietary or confidential information contained in any document (including any pleading, motion, brief, notice, or discovery request or response) produced, filed, or served by any party to this litigation that is designated as protected by a party (See paragraph 3);

   b. Information, the protection of which is necessary to safeguard the competitive process, including source selection information, and any proprietary or confidential information contained in any deposition, testimony, or affidavit taken or provided during this litigation, that is designated as protected by a party (See paragraph 3);

2. Protected information shall be used by private parties solely for the purposes of this litigation and shall not be given, shown, made available, discussed, or otherwise communicated in any form except as provided herein.

   a. Except as provided in paragraphs 2(c), (d), (e) and (f), the only persons who may be given access to protected information are (i) legal counsel for a party and (ii) independent consultants and experts assisting such counsel in connection with the litigation.

   b. To be granted access to protected information, any such person shall first read this Protective Order and, if an attorney, execute a copy of the Application for Access to Information Under Protective Order by Inside or Outside Counsel (Form 9) or, if a consultant or expert, execute a copy of the Application for Access to Information Under Protective Order by a Consultant or Expert (Form 10). The party seeking to have such person

granted access shall then provide a copy of the executed Application to each other party. Such person shall, without further action by the Court, be permitted access to protected information at the close of the second business day after the other parties have received the Application, unless, in the interim, any party informs the requesting party of an objection. If the parties are unable to reach agreement regarding an objection, the party seeking access may present the matter to the Court. Such person shall not be given access unless and until the Court authorizes such access.

c. Paralegal, clerical and administrative support personnel assisting any counsel who has been admitted under this Protective Order may be given access to protected information if such personnel have first been informed by such counsel of the obligations imposed by this Protective Order.

d. Court, procuring agency and Department of Justice personnel are automatically subject to the terms of this Protective Order and are entitled to access to protected information, without further action.

e. Without further action, the following persons are permitted immediate access to protected information, and such access is not subject to the initial two day waiting period described in paragraph 2(b): David R. Hazelton, Esquire, Joshua K. Chandler, Esquire, Andrew D. Morton, Esquire, David P. Palmer, Esquire, and Kevin A. Russell, Esquire, of Latham & Watkins LLP, 555 11th St., N.W., Suite 1000, Washington, DC 2004-1304, Thomas P. Humphrey, Esquire, Elizabeth W. Newsom, Esquire, Amy E. Laderberg, Esquire, Rebecca Lee, Esquire and Brian McLaughlin, Esquire, of Crowell & Moring, LLP, 1001 Pennsylvania Avenue, N.W., Washington, DC 20004-2595, Rand L. Allen, Esquire, John A. McCullough, Esquire, Daniel P. Graham, Esquire, and William J. Grimaldi, Esquire, of Wiley, Rein & Fielding LLP, 1776 K Street, N.W., Washington, DC.

f. Without further action, and based on the representations made in the Declaration of Bruce S. Ramo accompanying the Unopposed Motion for a Protective Order, Bruce S. Ramo, Esquire, Tyco International, Ltd., 9 Roszel Road, Princeton, NJ 08540, is permitted immediate access to protected information, and such access is not subject to the initial two day waiting period described in paragraph 2(b). Access by Mr. Ramo to protected information is conditioned upon the accuracy of the statements and representations made, and compliance with all conditions and restrictions contained, in the Declaration of Bruce S. Ramo dated June 6, 2006, attached to the Unopposed Motion for Protective Order filed by Scott Health & Safety ("Scott"). That Declaration is incorporated herein by reference.

3. Protected information of any kind may be provided only to the Court and to individuals authorized by this Protective Order, and must be in a sealed parcel containing the legend **"PROTECTED INFORMATION ENCLOSED"** conspicuously placed on the outside of the parcel containing the information. A copy of the certificate of service identifying the document being filed should be attached to the front of each parcel.

a. The first page of each document containing protected information is to be clearly marked as follows:

**Protected Information to be Disclosed Only in Accordance with U.S. Court of Federal Claims Protective Order**

The party claiming protection must identify the specific portion of the information for which it is claiming protection.

b. Any courtesy copies of protected information that are filed with the Court for use by the judge should be marked as such.

c. The Court will maintain properly marked protected pleadings or information under seal.

4. A party that files a pleading in accordance with paragraph 3 hereof shall promptly serve on each other party a proposed redacted copy of the pleading with the claimed protected information deleted and clearly marked "Proposed Redacted Copy" in the upper right-hand corner of the first page.

a. Within two business days after their receipt of the proposed redacted copy, other parties shall advise the party originating the pleading of any additional redactions they require. The originating party shall promptly provide each party with a copy of the pleading from which all information that any party has requested be redacted has been redacted and clearly marked "Agreed-Upon Redacted Copy – May Be Made Public" in the upper right-hand corner of the page. During the two-day period, the proposed redacted copy shall be treated as protected. At the expiration of the two-day period, or when agreement is reached, the agreed-upon redacted copy shall be filed with the Court by the originating party.

b. Any party at any time may serve on the other parties a proposed redacted copy of any document (other than a pleading, to which paragraph 4(a) applies) filed with the Court or of any document produced or generated in discovery whether or not filed with the Court and shall clearly mark the document in the manner provided above. The other parties shall respond promptly, advising the serving party of any additional redactions they require. The serving party shall proceed as provided in the last sentence of paragraph 4(a).

5. Any party may at any time object to another party's designation of particular information as protected. If the parties are unable to resolve the matter by agreement, counsel for the objecting party may submit the matter to the Court for resolution. Until the Court resolves this matter, the disputed information shall be treated as protected.

6. Without the consent of the other parties, no private party may make more than five (5) copies of any document containing protected information received from another party. Private parties may make additional copies for filing with the Court, service on the parties or use in discovery and may also incorporate limited amounts of protected information in their pleadings. All copies of such documents and of pleadings referring to protected information shall be clearly labeled in the manner required by paragraph 3 of this Protective Order.

7. Each person covered by this Protective Order shall take all necessary precautions to prevent disclosure of protected information, including but not limited to physically securing, safeguarding and restricting access to the protected information. The confidentiality of information learned pursuant to this Protective Order shall be maintained in perpetuity.

8. Within thirty (30) days after the conclusion of this action (including any and all appeals and remands), counsel for each private party shall (i) destroy all protected information and certify in writing to all parties that such destruction has occurred and/or (ii) return the protected information to the parties from which the information was received. Provided the documents are marked protected and are properly secured, Counsel for each party may retain one copy of the unredacted pleadings.

9. Any party whose information has been designated as protected may at any time waive the protection of this Protective Order with respect to any and all such information by so advising counsel for all parties in writing, identifying with specificity the information to which this Protective Order shall no longer apply.

10. Nothing contained in this Protective Order shall preclude a party from seeking relief from this Protective Order through the filing of an appropriate motion with the Court that sets forth the basis for the relief sought.

11. If a party determines that a previously produced document inadvertently was not identified as containing protected information, the producing party shall give

notice in writing that the document is to be treated as protected, and thereafter the designated document shall be treated in accordance with this Protective Order.

12. Counsel for the parties shall promptly report any breach of the provisions of this Protective Order to counsel for the opposing party. Upon discovery of any breach, plaintiff's, defendant's attorneys shall immediately take appropriate action to cure the violation and retrieve any protected information that may have been disclosed to persons not covered by this Protective Order. The parties shall reasonably cooperate in determining the reasons for any such breach.

____________________________________
NANCY B. FIRESTONE
Judge, U.S. Court of Federal Claims

Dated: June __, 2006

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**(BID PROTEST)**

| | | |
|---|---|---|
| SCOTT TECHNOLOGIES, INC., d/b/a SCOTT HEALTH & SAFETY<br>*Plaintiff,*<br>v.<br>UNITED STATES,<br>*Defendant,*<br>and<br>MINE SAFETY APPLIANCES CO.<br>*Intervenor.* | ) | **No. 06-443**<br><br>**Judge N. Firestone** |
| INTERSPIRO, INC.<br>*Plaintiff,*<br>v.<br>UNITED STATES,<br>*Defendant,*<br>and<br>MINE SAFETY APPLIANCES CO.<br>*Intervenor.* | ) | **No. 06-425**<br><br>**Judge N. Firestone** |

**DECLARATION OF BRUCE S. RAMO**

I, Bruce S. Ramo, make the following statements and representations in support of the request that I be granted access to protected information pursuant to the Protective Order to be

entered by the court in this action. Numbered paragraphs refer to the corresponding paragraphs in the United States Court of Federal Claims standard "Application for Access to Information Under Protective Order By Inside Counsel."

**8(a) My position and responsibilities as in-house counsel, including my role in providing advice in procurement-related matters:**

I am Government Contracts Counsel on the Corporate legal staff of Tyco International ("Tyco"), working in government contract compliance and counseling. I am not affiliated with any of the four business segment of Tyco, or any of the thousands of business units within the four segments, including the protester, Scott Health & Safety ("Scott").

I am organizationally, geographically, and professionally independent of Scott. I maintain my office in Tyco's Corporate headquarters in Princeton, New Jersey, some 600 miles from Scott headquarters and Scott decisionmakers. I spend less than 2% of my work time on matters related to Scott and the other 98% of my time split between the overall government contract compliance program for Tyco and providing legal advice to the 40 other Tyco business units engaged in government contracts (none of which are engaged in the business of Self-Contained Breathing Apparatuses ("SCBA")).

My responsibilities involve the development of government contract compliance programs at the U.S. Federal, state and local, and international levels for all Tyco business units. In addition I provide legal advice on government contracts, serving as the internal "outside counsel" for public contracting matters. There are no other government contracts attorneys on Tyco's Corporate legal staff.

My responsibilities do not include providing advice or participating in decisions on what competitive procurements to pursue. I have never been involved in any phase of the proposal process for government contracts or other contracts for Tyco except in providing legal advice. With respect to Scott, I have provided legal advice concerning the compliance requirements and risks of the draft SCBA RFP and the Small Business Subcontracting Plan. I do not provide advice or participate in decisions regarding Scott or Tyco pricing, product design or research, or product marketing made in light of similar corresponding information about a competitor. I am not involved in competitive decisionmaking as discussed in *U.S. Steel Corp. v. United States,* 730 F.2d 1464 (Fed. Cir. 1984).

Regarding the risk analysis I performed for Scott on the draft SCBA RFP, I provided legal advice on the terms and conditions of the draft RFP, such as the standard FAR certifications, socio-economic compliance, and Trade Agreement Act restrictions on sourcing. This legal advice did not involve the source selection criteria. I did not participate in the preparation or review of the proposal, internal strategy meetings, product selection, and have no knowledge of the pricing.

Regarding the small business plan, I provided legal advice concerning the requirements of Federal Acquisition Regulation Subpart 19.7 regarding the requirements of a commercial subcontracting plans and individual contract plans. I did not draft or review the plan. Such legal advice had absolutely nothing to do with product selection or the technical solution. I have not provided advice to Scott on other procurements.

**8(b) The person(s) to whom I report, and their position(s) and responsibilities:**

I do not report to any operational managers of Tyco or Scott. I report to Tyco Deputy General Counsel Timothy Flanigan. His office is physically located in Princeton, New Jersey. Mr. Flanigan is not a competitive decisionmaker and his responsibilities are limited to corporate and international law for all of Tyco.

**8(c) The number of in-house counsel at the office in which I work, and their involvement, if any, in competitive decision-making and in providing advice in procurement-related matters:**

My office is located in a suite used by legal and human resources operations that service Tyco. I share a secretary with the Vice President for Compliance. No persons located in the suite in which I work or any other parts of the Tyco Corporate offices are involved with government contracts.

I do not assist Scott on its commercial contracts. Other Tyco attorneys, located in Boca Raton, Florida, handle all legal matters regarding Scott's commercial and state and local contracts, nearly all of which are conducted through distributors. Those lawyers report to the Tyco Fire & Security Segment and are independent of me and my manager, Mr. Flanigan.

**8(d) My relationship to the nearest person involved in competitive decision-making (both in terms of physical proximity and corporate structure):**

Scott, which is located in Monroe, North Carolina, reports to the Tyco Fire and Security Segment headquartered in Boca Raton, Florida. Scott receives day-to-day legal advice from the Deputy General Counsel for the Tyco Fire and Security Segment and his staff. I have no reporting relationship with any person in Scott, Tyco Fire and Security or any attorney on the legal staff of the Tyco Fire and Security Segment.

My professional responsibilities are unrelated to the competitive decisionmaking of the parties to the protest. My work in providing legal advice on government contracts law and establishing and maintaining compliance programs is unrelated to the business activities in Tyco and Scott where corporate decisions are made in light of information about competitors.

**8(e) Measures taken to isolate me from competitive decision-making and to protect against the inadvertent disclosure of protected material to persons not admitted under the protective order:**

I am isolated from competitive decisionmaking at Scott by virtue of my location in New Jersey, coupled with my duties being limited to compliance matters and legal counseling. I will not discuss any protected material with anyone (specifically including my corporate supervisors and persons who work for Tyco) who is not admitted under the protective order.

I am fully aware that like outside counsel, I am bound by all pertinent official standards, including the Code of Professional Responsibility. I am a member of the bar of the District of Columbia and the State of Florida, I represent that I am capable of safeguarding, and will safeguard, protected material produced in this case. I will not receive, produce, maintain, possess or store documents, or other media, containing protected information in my office located in Princeton, New Jersey or any other Tyco facility, and will not review or store protected information at those locations.

The only places where I will review protected information are (a) the Washington, D.C. offices of Wiley Rein & Fielding LLP ("WRF") under the supervision of the attorneys admitted to the protective order governing the above-referenced protest, or (b) my home in Skillman, New Jersey. Any protected information sent to my home shall be sent by WRF attorneys admitted to the protected order and shall arrive via overnight shipment. All overnight packages will be addressed to me and all protected information shall be contained in a sealed interior envelope bearing the following legend:

**PROTECTED INFORMATION ENCLOSED
TO BE OPENED ONLY BY BRUCE S. RAMO**

No one in my household is employed by Tyco or any other entity that might gain a competitive advantage from access to the materials disclosed under the protective order in this protest. At the conclusion of this protest, I will return all protected material sent to my home to the WRF attorneys admitted to the Protective Order.

Except for my participation in this case and any future protest of this procurement, I will not provide Scott with any assistance on the current procurement under Air Force Solicitation No. FA8532-05-R-76133 or a resolicitation for the same requirements.

For a period of two years after the conclusion of this action, I will not provide legal services to Scott in any competition for any commercial or government contract for SCBA and/or powered air purifying respirators ("PAPR") units or related components.

9. I will comply in all respects with any Protective Order that may be entered by the court in this action and will abide by its terms and conditions in handling any protected information produced in connection with this proceeding.

10. I acknowledge that a violation of the terms of the Protective Order may result in the imposition of such sanctions as may be deemed appropriate by the court and in possible civil and criminal liability.

By my signature, I certify that, to the best of my knowledge, the representations set forth above are true and correct.

[signature] 6/6/06

Bruce S. Ramo
TYCO INTERNATIONAL, LTD.
9 Roszel Road
Princeton NJ 08540
(609) 720-4306 (O)
(609) 720-4335 (F)

Date Executed

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of June, 2006, I caused copies of the foregoing to be served by hand-delivery on the following:

Doris Susan Finnerman, Esq.
U.S. Department of Justice
Civil Division, Commercial Litigation Branch
1100 L Street NW
8th Floor
Washington DC 20530

Thomas P. Humphrey, Esq.
Crowell & Moring LLP
1001 Pennsylvania Ave. NW
Washington, DC 20004

David R. Hazelton, Esq.
Latham & Watkins
555 11th Street NW
Suite 1000
Washington, DC 20004

Daniel P. Graham
WILEY, REIN & FIELDING
1776 K Street, NW
Washington, DC 20006
(202) 719-7430